FILED
2017 Jun-02  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **BRYANT MASTIN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| **vs.** | ) | **CIVIL CASE NO.** |
| | ) | |
| **HOUSING AUTHORITY OF THE** | ) | |
| **CITY OF DECATUR, ALABAMA,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | **JURY DEMAND** |

## COMPLAINT

### I.     JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343(4), and 28 U.S.C. §§2201 and 2202, 42 U.S.C. §2000e *et seq.*  This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq..*   The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000 *et seq.* providing for injunctive and other relief against sexual harassment in employment, and retaliation for engaging in federally protected activity.  The plaintiff requests a trial by jury of all issues triable to a jury.

2.     Subject matter jurisdiction is established pursuant to 28 U.S.C. §1331 and venue is proper in this district pursuant to 28 U.S.C. §1391(b).

3.     The Plaintiff timely filed his charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment, Exhibit A.  The Plaintiff further filed his lawsuit within 90 days after receipt of receipt of his right-to-sue letter issued from the EEOC, Exhibit B.

## II.   PARTIES

4.     Plaintiff, Bryant Mastin, is a black African American male, and at all relevant times, a resident of the State of Alabama.  At all relevant times, the Plaintiff was employed by Defendant, Housing Authority of the City of Decatur, Alabama.

5.     Upon information and belief, Defendant, Housing Authority of the City of Decatur, Alabama is domestic non-profit corporation doing business in Morgan County, Alabama. At all times relevant to this action, Plaintiff was an employee of Housing Authority of the City of Decatur, Alabama. Housing Authority of the City of Decatur, Alabama employs more than (15) persons, within the meaning of 42 U.S.C. §2000e. et seq.

## III.   FACTUAL ALLEGATIONS

6.     Plaintiff, Bryant Mastin, is a male. Plaintiff began working for Defendant through Kelly Services as a temporary employee in July 2015.

7.      Plaintiff's supervisors were Jeff Snead (male), Director, and Eliza Williams (female), Site Manager at East Acres, 1701 Locust Street, Decatur, Alabama.

8.      During the initial interview, Eliza Williams seemed very interested in getting Plaintiff hired and assigned to her property.

9.      After one week, Defendant told Kelly Services that Plaintiff was not going to work out as an employee, and then promptly hired Plaintiff directly for $13.47 per hour, 40 hours per week, plus health, dental, vision and life insurance, and a 401k, in violation of Defendant's agreement with Kelly Services.

10.     Plaintiff was assigned to work for Eliza Williams on-site at East Acres. Williams immediately started making sexual advances to Plaintiff, inviting him to have lunch with her repeatedly, which Plaintiff repeatedly declined. Williams invited Plaintiff out to dinner, which he also declined. Williams asked Plaintiff to play billiards with her, which he declined. Williams had Plaintiff's co-worker (and her subordinate) find out personal information about Plaintiff. Williams would call and text Plaintiff from her personal phone, and on at least one occasion, even used her son's phone to contact Plaintiff.

11.     In August 2015, Williams came into an apartment in which Plaintiff was working and said she was fed up with "chasing" him. She stated, "I can make

3

your job hard or easy. It's up to you." Plaintiff declined Williams' advances, and she was visibly upset.

12.     The following day, Williams reported Plaintiff to Director, Jeff Snead, alleging Plaintiff was trying to take her job and cussing Plaintiff in front of Snead and another co-worker. Williams told Snead that she wanted Plaintiff fired from her site, that she didn't trust Plaintiff, and that she didn't want Plaintiff around her.

13.     Williams' negative employment actions taken against Plaintiff were in retaliation for his refusal to engage in sexual relations with her.

14.     Throughout the rest of Plaintiff's employment, Williams continued to routinely harass him, unfairly discipline him and make every attempt to make sure Plaintiff would be fired.

15.     On or about November 3, 2015, Plaintiff verbally complained to Director Jeff Snead about Williams' retaliatory actions, and requested to be moved to a different job site.

16.     On November 10, 2015, Plaintiff was terminated by Williams and Snead in retaliation for refusing Williams' sexual advances and/or for engaging in federally-protected activity when he complained about her retaliatory treatment of him after refusing her sexual advances.

## IV.    CAUSES OF ACTION

### COUNT ONE
### SEX DISCRIMINATION
### QUID PRO QUO SEXUAL HARASSMENT

17.    The plaintiff, Bryant Mastin, re-alleges and incorporates by reference paragraphs 1 through 16 with the same force and effect as if fully set out in specific detail hereinbelow.

18.    Plaintiff has been discriminated against on the basis of sex in regard to sexual harassment and other adverse terms and conditions of employment, in violation of Title VII of the Civil Rights Act, as amended.  The plaintiff has been discriminated against because of his gender and has been subjected to sexual advances by his supervisor because of his gender.

19.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgment are his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### COUNT TWO
### SEX DISCRIMINATION
### RETALIATION AND HOSTILE WORK ENVIRONMENT

20.     The plaintiff, Bryant Mastin, re-alleges and incorporates by reference paragraphs 1 through 16 with the same force and effect as if fully set out in specific detail hereinbelow.

21.     Plaintiff has been discriminated against on the basis of gender in regard to hostile work environment, retaliation and other adverse terms and conditions of employment, in violation of Title VII of the Civil Rights Act, as amended.   The plaintiff was subjected to sexual advances by his supervisor because of his gender, and after refusing said advances, was subjected to severe and pervasive harassment that interfered with his ability to perform his job, including disparate treatment, disparate and unfair disciplinary actions, and ultimately termination.

22.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgment are his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**COUNT THREE**
**SEX DISCRIMINATION**
**WRONGFUL TERMINATION**

23.     The plaintiff, Bryant Mastin, re-alleges and incorporates by reference paragraphs 1 through 16 with the same force and effect as if fully set out in specific detail hereinbelow.

24.     Plaintiff has been discriminated against on the basis of gender in regard to wrongful termination and other adverse terms and conditions of employment, in violation of Title VII of the Civil Rights Act, as amended.  The plaintiff has been discriminated against because of his gender and was pretextually and wrongfully terminated because of his gender.

25.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgment are his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT FOUR
## RETALIATION IN VIOLATION OF TITLE VII

26.     The plaintiff, Bryant Mastin, re-alleges and incorporates by reference paragraphs 1-16 above with the same force and effect as if fully set out in specific detail hereinbelow.

27.     Eliza Williams, Jeff Snead and others retaliated against the Plaintiff after he engaging in federally protected activity, when he complained of Williams' sexual advances and retaliatory treatment thereafter, adversely affecting the terms

and conditions of Plaintiff's employment, including failure to enforce the company's anti-discrimination/harassment policy, and pretextual and/or wrongful termination only one week after making the complaint to Jeff Snead.

28.    The Defendant, Housing Authority of the City of Decatur, Alabama, is vicariously liable for retaliation because Eliza Williams and Jeff Snead were the Plaintiff's supervisors, who were charged with investigating and implementing the defendant's anti-discrimination policy, but were involved in the retaliatory termination of the plaintiff. The defendant is liable for violating the proscription against discrimination on the basis of sex found in Title VII.

## V.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after a trial:

31.    Issue a declaratory judgment that the employment policies, practices, procedure, conditions and customs of the Defendant is violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e *et seq.*.

32.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of

the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*.

33.    Enter an order requiring the Defendant to make the Plaintiff whole by awarding him the position he would have occupied in the absence of sex discrimination, and retaliation, back-pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, injunctive relief, and benefits.

34.    The Plaintiff further prays for such relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

s/Michael E. Auffenorde
Michael E. Auffenorde
Attorney for Plaintiff
ASB-9810-O57M

OF COUNSEL:
**MICHAEL E. AUFFENORDE, P.C.**
2409 Commerce Court, Suite B
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 facsimile
aalaw@bellsouth.net

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY
## ON ALL ISSUES TRIABLE TO A JURY


s/Michael E. Auffenorde
Michael E. Auffenorde


Defendant can be served at:

Housing Authority of the City of Decatur, Alabama
100 Wilson Street NE
Decatur, AL 35601

Plaintiff's Address:

Bryant Mastin
c/o Michael E. Auffenorde, P.C.
2409 Commerce Court, Suite B
Huntsville, Alabama 35801